# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK
# ALBANY CIVIL DIVISION

CODY BURKHART,

    Plaintiff,

v.

LOGAN BECK FARM, LLC
a domestic limited liability company,

    Defendant.

Civil Action No.: 1:23-cv-1426 (LEK/ML)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Cody Burkhart, through his undersigned counsel for his *Complaint,* states as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301-4335 ("USERRA"). It is brought by Mr. Burkhart against Defendant Logan Beck Farm, LLC. ("LB Farm").

2. Pursuant to 38 U.S.C. §4323(h)(1), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]".

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this civil action founded upon federal question jurisdiction, 28 U.S.C. §1331, as conferred by actions arising under USERRA, 38 U.S.C. §4323(b)(1).

4. Venue is proper in this judicial district under 38 U.S.C. §4323(c)(2) because Defendant LB Farm maintains a place of business in this judicial district per 38 U.S.C. §4323(c)(2) and is considered a "private employer" for the purposes of 38 U.S.C. §4303(4)(A).

## PARTIES

5. Plaintiff, Mr. Cody Burkhart, currently resides in Montgomery County, New York.

6. Defendant LB Farm is a private, for-profit limited liability company located in Nelliston, New York. LB Farm was and is an "employer" for the purposes of 38 U.S.C. §4303(4)(A) and is subject to suit under USERRA §4323(a).

7. Mr. Burkhart was an employee of LB Farm and served in the United States Army Reserve ("USAR"). Plaintiff is a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

8. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendant, or any of them herein, such individuals at all times acted on behalf of the defendants named in this action within the scope of their respective employments and agencies.

9. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

10. Plaintiff is informed and believes, and on the basis of that information and belief, alleges that all times mentioned in this Complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

## GENERAL ALLEGATIONS

11.     Mr. Burkhart realleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 10, inclusive, as though set forth at length herein and made a part hereof.

12.     Mr. Burkart joined the USAR in 2014 and is currently serving as an E-5 (Sergeant).

13.     In March of 2022, Mr. Burkhart began his employment with LB Farm. He informed his supervisor, Mr. Logan Beck, of his military service obligations, which included monthly drills, annual training, and other responsibilities to progress in his USAR career. Mr. Burkhart provided timely notice of his anticipated training dates, and reminders leading up to each drill, annual training, and other military service obligation.

14.     In April of 2023, Mr. Beck asked Mr. Burkhart if he would be able to get out of his upcoming USAR military training to work at LB Farm instead. Mr. Burkhart informed Mr. Beck that he was unable to reschedule his drill, and would have to attend drill from May 8-12, because it was a field training exercise.

15.     Upon Mr. Burkhart's return to work following the USAR drill on Monday, May 15, 2023, Mr. Burkhart noticed a change in attitude towards him from Mr. Beck. After only working a few hours that morning, Mr. Beck sent him home. Additionally, Mr. Beck instructed a new employee to clean out the work truck Mr. Burkhart was using and kept him working longer that day.

16.     Later that evening, Mr. Burkart asked Mr. Beck about whether he was needed for work the following day, to which Mr. Beck stated 'no, we are pretty much done." On Tuesday night, Mr. Burkhart asked Mr. Beck whether he was need for work that following Wednesday, to which Mr. Beck replied, "it's just not working out" and terminated Mr. Burkhart's employment

3

with LB Farm. Mr. Beck also stated it was Mr. Burkart's fault because they had to hire someone to fill in while he was performing his military service obligation.

17.     One of the benefits of employment offered to LB Farm employees was employer-provided housing, in which Mr. Burkhart resided with his wife, toddler, and new-born child. After Mr. Burkhart was informed his employment was terminated, LB Farm employee "Logan" informed him that "we can work something out with the house."

18.     Upon information and belief, none of the other LB Farm employees residing in the employer-provided housing were required to pay utilities and were reimbursed for improvements to their respective homes. However, Mr. Burkhart was required to pay for propane gas and never was reimbursed for improvements he made to the home.

19.     On May 30, 2023, the day before Mr. Burkhart was set to depart for twenty-nine days of military annual training, LB Farm employee "Vicky" served him with a 60-day eviction notice, requiring Mr. Burkhart to arrange subsequent housing for his family while in California performing military service.

## COUNT I
## **VIOLATIONS OF 38 U.S.C. §4301 *et seq*.**

20.     Mr. Burkart incorporates by reference the allegations contained in Paragraphs 1 through 19 as if fully restated herein.

21.     USERRA prohibits "discrimination against persons because of their service in the uniformed services." 33 U.S.C. §4301(a)(3).

22.     Section 4311(a) of USERRA states in relevant part, that a person "who is a member of… performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied… *retention in employment,…* or any benefit of employment by an employer on the basis of that membership,… performance of service, or obligation." (italics added).

4

23. Section 4311(c) further provides, in relevant part, that "[an] employer shall be considered to have engaged in actions prohibited… if the person's membership… or obligation for service in the uniformed services is a motivating factor in the employer's action."

24. A "benefit of employment" is defined as:

> The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, include any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations and the opportunity to select work hours or location of employment.

38 U.S.C. §4303(2).

25. USERRA's definition of "service in the uniformed services" covers all categories of military training and service, including duty performed on a *voluntary* or *involuntary* basis, in time of peace or war. 38 U.S.C. §4312(e)(1)(A)(i); 20 C.F.R. §1002.115. (italics added).

26. Mr. Burkhart's protected status as a USAR member was a substantial and motivating factor in LB Farm terminating his position in employment.

27. As a direct and proximate result of the conduct of Defendant as set forth in this count, Mr. Burkhart has suffered injuries and damages, including, but not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all amounts to be proven at trial.

28. Plaintiff alleges that Defendant had knowledge of Mr. Burkhart's USERRA protections, and that Defendant's subsequent violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

29. Pursuant to 38 U.S.C. § 4323(d)(3), Plaintiff requests an award of prejudgment interest.

30. Pursuant to 38 U.S.C. §4323(h)(2), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing, Plaintiff prays for the following relief against Defendant:

1. Declaration that Defendant's actions and practices complained of herein are unlawful and in violation of USERRA, 38 U.S.C. §4301, *et seq*.;

2. Require that Defendant fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices as complained herein.

3. Fees and expenses, including attorneys' fees pursuant to 38 U.S.C. §4323(h)(2);

4. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

5. Order that Defendant pays compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violation of USERRA;

6. Grant an award for costs of suit incurred; and

7. Grant such other further relief as may be just and proper, and which Plaintiff may be entitled to under all applicable laws.

Dated:  November 15, 2023

| | |
|---|---|
| s/Brian J. Lawler | *Karen Mizrahi* |
| Brian J. Lawler, Esq | Karen Mizrahi Esq. |
| **PILOT LAW, P.C** | HERTZ LEGAL, P.C. |
| 4632 Mt. Gaywas Drive | 503 Half Moon Bay Drive |
| San Diego, CA 92117 | Croton on Hudson, NY 10520 |
| (619) 255-2398 | (914) 393-6971 |
| blawler@pilotlawcorp.com | karen@hertzlegal.com |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Pro Hac Vice Pending | |
| | s/Kevin L. Wilson |
| | Kevin L Wilson, Esq. |
| | KEVIN WILSON LAW, PLLC |
| | 3110 Horton Avenue |
| | Louisville, KY 40220 |
| | kevin@kwilsonlaw.com |
| | (502) 276-5050 |
| | Attorney for Plaintiff |
| | Pro Hac Vice Pending |

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues triable as of right by a jury in this Complaint pursuant to Federal Rule of Civil Procedure 38(b).

Dated:  November 15, 2023

| | |
|---|---|
| s/Brian J. Lawler | *Karen Mizrahi* |
| Brian J. Lawler, Esq | Karen Mizrahi Esq. |
| **PILOT LAW, P.C** | HERTZ LEGAL, P.C. |
| 4632 Mt. Gaywas Drive | 503 Half Moon Bay Drive |
| San Diego, CA 92117 | Croton on Hudson, NY 10520 |
| (619) 255-2398 | (914) 393-6971 |
| blawler@pilotlawcorp.com | karen@hertzlegal.com |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Pro Hac Vice Pending | |
| | s/Kevin L. Wilson |
| | Kevin L Wilson, Esq. |
| | KEVIN WILSON LAW, PLLC |

                                  3110 Horton Avenue
                                  Louisville, KY 40220
                                  kevin@kwilsonlaw.com
                                  (502) 276-5050
                                  Attorney for Plaintiff
                                  Pro Hac Vice Pending