UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CODY BURKHART,

                Plaintiff,

-against-                            1:23-CV-1426 (LEK/ML)

LOGAN BECK FARM, LLC,

                Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Currently before the Court is Defendant Logan Beck Farm, LLC's combined motion to vacate the Entry of Default ("Motion to Vacate") and motion to dismiss for lack of personal jurisdiction ("Motion to Dismiss"). Dkt. No. 29-1 (together, "Motions"). Plaintiff Cody Burkhart filed a response to Defendant's Motions, Dkt. No. 32, ("Response"), and Defendant filed a reply, Dkt. No. 33 ("Reply").

For the reasons that follow, the Court grants the Motion to Vacate and denies the Motion to Dismiss.

**II.    BACKGROUND**

The following procedural facts and attestations are relevant to the instant Motion.

**A.  Procedural History**

Plaintiff brought this action against Defendant by filing a complaint on November 15, 2023. Dkt. No. 1 ("Complaint"). On February 20, 2024, Plaintiff filed an affidavit for proof of service on Defendant. See Dkt. No. 20 ("Affidavit of Service"). The Affidavit of Service stated that Summons and Complaint were served on Mr. Dan Krutz ("Krutz") on February 15, 2024, at

1

Defendant's place of business. See Affidavit of Serv. at 1. Plaintiff filed an updated proof of service indicating that Krutz was a manager who was authorized by law to receive process on behalf of Defendant. See Dkt. No. 22 ("Updated Affidavit of Service") at 1. After Defendant failed to respond, Plaintiff requested an entry of default on March 12, 2024, Dkt. No. 23, which the Clerk entered on the same day, Dkt. No. 24 ("Entry of Default"). On April 5, 2024, Defendant filed both a Notice of Appearance and an Answer to the Complaint. See Dkt. No. 26; Dkt. No. 27 ("Answer").

### B. Defendant's Motions

#### 1. *Motion to Vacate*

Defendant argues that Plaintiff did not comply the Court's Local Rules and the Federal Rules of Civil Procedure for effectuating service of process. See Mot. at 1. According to Defendant, Plaintiff's service of process was untimely because it was effectuated after both the sixty-day deadline outlined in this Court's Local Rules and the ninety-day deadline contained in the Federal Rules. See id. Moreover, even if the service was effectuated in a timely manner, Defendant argues it was insufficient because Krutz was not authorized by law to receive process on behalf of Defendant. See id. According to Defendant, only Mr. Logan Beck ("Beck"), who is the owner and acting general office manager of Defendant, is authorized to receive process on behalf of Defendant. See Dkt. No. 29-3 ¶¶ 1 ("Beck Declaration"). Defendant avers through the declarations of Beck and his employee, Ms. Dettmer ("Dettmer"), that Beck was in Florida on the day that Plaintiff sought to serve process upon Defendant. See Dkt. No. 29-2 ¶ 10 ("Dettmer Declaration"); Beck Declaration ¶ 8. Dettmer is "employed with Defendant . . . and act[s] in the capacity of a general office manager." Dettmer Declaration ¶ 1. Defendant states that it never received any mailed service of process. See Beck Declaration ¶ 6.

In his Response, Plaintiff avers that he mailed a "Notice of Lawsuit/Request for Waiver of Service" ("Waiver Request") to Defendant on January 5, 2024. Resp. at 1. Plaintiff attests that the Waiver Request "was addressed to the Service of Process address listed on [Defendant's] Entity Information as recorded by the New York Secretary of State." Id. When the waiver of service period expired on February 4, 2024, without any response from Defendant, Plaintiff states that he arranged to effect personal service on Defendant on February 9, 2024. See id. Plaintiff attests that personal service was effected on Krutz on February, 15, 2024. See id. at 2.

Plaintiff does not contest the Motion to Vacate and has indicated that he is prepared to continue litigating this action. See id. at 2–3.

  2.  *Motion to Dismiss*

Defendant argues that the Court should dismiss this action due to Plaintiff's improper service of process. See Mot. at 4–5. In opposition, Plaintiff argues that Defendant "waived this defense [of improper service] by not including it in its Answer pursuant to Rule 12(h)." Resp. at 3. Further, Plaintiff avers that "[n]either Ms. [D]ettmer nor Mr. Beck acknowledge if or when they received the [Waiver Request] in their affidavits." Id. at 3–4. Plaintiff also argues that he made a good faith effort to serve Defendant and Defendant is not prejudiced by any alleged deficiency of service. See id. at 4.

In its Reply, Defendant argues that it raised the defense of improper service in its Answer. See Reply at 3–5. Defendant's Answer raises twenty-three affirmative defenses, including that "Plaintiff's claims are barred, in whole or in part, to the extent that he failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action." Answer ¶ 36. According to Defendant, the affirmative defense of lack of personal jurisdiction "preserves a challenge for improper service."

3

Reply at 3. As such, Defendant claims that it has not waived its ability to file a motion to dismiss for improper service under Rule 12(b)(5). See id.

### III. LEGAL STANDARD

After the Clerk has filed an entry of default against a party that has failed to plead or otherwise defend an action against them, a court may enter default judgment upon application of the opposing party. See Fed. R. Civ. P. 55(b). District courts may vacate an entry of default for "good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, "the district court is to be guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

Under Federal Rule of Civil Procedure 12(b), "a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction; . . . [and] (5) insufficient service of process. . . ." Further, a Rule 12(b) "motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). "[W]hen a defendant moves to dismiss under Rule 12(b)(5) [for insufficient service of process], the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)). "In considering a motion to dismiss pursuant to Rule 12(b)(5), the Court may look beyond the pleadings, including to affidavits and

4

supporting materials, to determine whether service was proper." Vega v. Hastens Beds, Inc., 339 F.R.D. 210, 215 (S.D.N.Y. 2021). "If the court determines that [service] was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." Burdick v. Oswego Cnty., N.Y., No. 15-CV-353, 2015 WL 6554515, at *3 (N.D.N.Y. Oct. 29, 2015) (quoting Sajimi v. City of New York, No. 07–CV–3252, 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011)).

IV.  DISCUSSION

   A. Motion to Vacate

Plaintiff does not contest Defendant's Motion to Vacate. See Resp. at 2–3. Indeed, Plaintiff has indicated to the Court that he is prepared to continue this action, allaying any concern that vacating the Entry of Default will cause prejudice against Plaintiff. See id. Moreover, Defendant's failure to answer does not appear to be willful, as Defendant argues that Plaintiff failed to timely effectuate service. See Mot. at 3–4. For these reasons, Defendant's Motion to Vacate is granted.

   B. Motion to Dismiss

      1. Timeliness[1]

Defendant argues that the Court should dismiss this action because Plaintiff's service was untimely. The Local Rules for the Northern District of New York state that "[u]pon the filing of a complaint, the Clerk shall issue to the plaintiff General Order 25 which requires . . . service of process upon all defendants within sixty (60) days of the filing of the complaint. . . . In no event shall service of process be completed after the time specified in [Rule 4 of the Federal Rules of

---

[1] For purposes of this Memorandum-Decision and Order, the Court assumes, without deciding, that the Motion to Dismiss is timely and the defense against improper service was preserved.

Civil Procedure.]" L.R. 4.1(b). In this action, General Order 25 was filed on the docket the day after the Complaint was filed, providing Plaintiff sixty days to effect service of process. Dkt. No. 3. Although Plaintiff allegedly mailed a waiver of service request on January 5, 2024, Resp. at 3, Defendant did not waive service and Plaintiff did not attempt to serve Defendant before the sixty-day deadline.

Alternatively, Federal Rule of Civil Procedure 4(m) states that defendants must be "served within 90 days after the complaint is filed." "[T]he Court has discretion in determining whether service of process should be executed within 60 days of the filing of the complaint as specified in the Local Rules, or within 90 days of the filing of the complaint as specified in the [Federal Rules of Civil Procedure]." Hamza v. Yandik, No. 19-CV-447, 2022 WL 976888, at *5 (N.D.N.Y. Mar. 31, 2022) (Kahn, J.).

Under either standard, however, service of process was not timely. Plaintiff avers he arranged to effectuate service on February 9, 2024, which would have been eighty-six days after the filing of the Complaint. See Resp. at 1. However, the Affidavit of Service indicates that Plaintiff executed service on Dan Krutz on February 15, 2024, ninety-two days after the filing of the Complaint. See Updated Affidavit of Service. Therefore, service was effectuated two days after the later deadline prescribed by Rule 4(m). Accordingly, the Court finds that service of process in this case was not timely. As noted below, however, the Court finds there is good cause to extend the time for service.

      a. Good Cause

Although Rule 4(m) requires that defendants must be served within ninety days, the Court must extend the time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). "Rule 4(m) . . . permits a district court to enlarge the time for service 'even if there

6

is no good cause shown.'" Henderson v. U.S., 517 U.S. 654, 658 n.5 (1996) (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment); see also Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012) ("We have held that district courts have discretion to grant extensions, and may do so even in the absence of good cause.") (internal citations omitted).

Where there is a delay in the service of process, courts determine whether there was good cause for the delay by "weigh[ing] the reasonableness and diligence of the plaintiff's efforts to serve against the prejudice to the unserved defendants from the delay." Retrospective Goods, LLC v. T&M Invs. Int'l, LLC, No. 20-CV-6201, 2022 WL 2161935, at *2 (E.D.N.Y. May 20, 2022) (internal citations omitted), report and recommendation adopted, 2022 WL 2161384 (E.D.N.Y. Jun. 15, 2022); Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) ("To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay."). "Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." Retrospective Goods, LLC, 2022 WL 2161935, at *5 (quoting E. Refractories Co., Inc., v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999).

Plaintiff's actions support a finding of good cause under Rule 4(m). Plaintiff sent the Waiver Request within the proper timeframe, awaited response, and then attempted to serve Defendant in person, presenting the summons and complaint to a person who they believed was a managing agent capable of properly receiving process on behalf of Defendant. See Resp. at 1–2. These efforts are reasonable and appear to be in good faith. Although an apparent lack of notice

7

may have led to the Entry of Default, Defendant quickly received notice of the lawsuit, and the Court has now ordered the Clerk to vacate the Entry of Default. See *supra* Part IV.A. The service delay only exceeded the Rule 4(m) deadline by two days and the Local Rules by about one month. As the events alleged in the Complaint occurred less than a year before service, see Complaint ¶¶ 14–15, a one-month delay is unlikely to prejudice Defendant, who filed an Answer soon thereafter. See Answer; see also 9384-2557 Quebec, Inc. v. Northway Mining LLC, No. 19-CV-501, 2021 WL 619413, at *8 (N.D.N.Y. Feb. 17, 2021) (granting an extension for service of process where the plaintiffs did not successfully serve the defendants until eleven months had passed from the commencement of the action). Therefore, the Court finds that good cause exists to enlarge the time for service. Alternatively, "even in the absence of good cause," the Court exercises its discretion to grant Plaintiff an extension to effectuate service from the Rule 4(m) deadline on February 13, 2024.[2] Meilleur, 682 F.3d at 61.

   2. *Impracticability*

Alternatively, Defendant argues the Complaint should be dismissed because service of process was improper, even if timely, given that Plaintiff served an improper agent. Mot. at 1. Rule 4(h) governs the service of process on corporations, partnerships, and associations, and instructs that a plaintiff may follow the procedure for service of process "prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows a plaintiff to "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." New York is the state wherein service was made. See Affidavit of Serv. at 1. Under the New York Civil Practice Law and Rules ("CPLR") 311-a, a plaintiff effectuates service on an LLC by serving either a member,

---

[2] As noted below, Plaintiff need not effectuate additional service of process on Defendant.

manager, or other agent authorized by appointment to receive process. See N.Y. C.P.L.R. 311-a(a).

"Although the impracticability standard is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of due diligence under CPLR 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." Astrologo v. Serra, 659 N.Y.S.2d 481, 482 (N.Y. App. Div. 1997) (internal quotations omitted). Indeed, "[t]he meaning of 'impracticable' will depend upon the facts and circumstances of the particular case." Safadjou v. Mohammadi, 964 N.Y.S.2d 801, 802–03 (N.Y. App. Div. 2013) (citing Markoff v. South Nassau Cmty. Hosp., 458 N.Y.S.2d 672, 673 (N.Y. App. Div. 1983)). "[U]nsuccessful attempts to serve a defendant are strong evidence of impracticability." In re Qiwi PLC Securities Litigation, No. 20-CV-6054, 2022 WL 20527316, at *4 (E.D.N.Y. Sept. 30, 2022) (internal citations omitted).

According to Defendant, Beck is the only agent designated by law to receive process on behalf of Defendant, an LLC. See Dettmer Decl. ¶ 5. Beck, however, was travelling in Florida between February 15, 2024 and March 4, 2024. See id. ¶ 10. Therefore, when Plaintiff sought to serve Defendant at its place of business on February 15, 2024, there was no one that could properly receive service of process in accordance with Rule 4. Accordingly, the Court determines that service on February 15, 2024, was indeed impracticable because there was no registered agent at Defendant's place of business available to receive service. See Pearson Educ., Inc. v. Aggarwal, No. 17-CV-203, 2022 WL 3700142, at *3 (S.D.N.Y. Aug. 26, 2022) (finding that service was impracticable when the plaintiff made actual but unsuccessful attempts to serve process on a defendant's registered agents).

9

CPLR 311-a(b) states that when the service is impracticable, "it may be made in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. 311-a(b). "Once the impracticability standard is satisfied, due process requires that the method of service be 'reasonably calculated, under all the circumstances, to apprise' the defendant of the action." Contimortgage Corp. v. Isler, 853 N.Y.S.2d 162, 164 (N.Y. App. Div. 2008) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). The manner in which Plaintiff has already attempted service—personal delivery on Krutz, a manager at Defendant's primary place of business—sufficiently put Defendant on notice of this action, as Defendant has filed an answer. See Answer. Thus, the Court finds that this method of service was "reasonably calculated, under all the circumstances, to apprise [D]efendant of the action." Contimortgage Corp., 853 N.Y.S.2d at 164 (internal quotations omitted). Accordingly, Plaintiff need not attempt to further serve Defendant.

Since the Court grants Plaintiff an extension and finds that Plaintiff's method of service within the extended timeframe was reasonable under the circumstances, the Court need not reach the other issues set forth in the Motion. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is denied.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motions, Dkt. No. 29, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that the Clerk **VACATE** the Entry of Default as to Logan Beck Farm, LLC, Dkt. No. 24.

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  October 15, 2024
        Albany, New York

LAWRENCE E. KAHN
United States District Judge